Filed 2/5/14  P. v. Parker CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058058 |
| v. | (Super.Ct.No. INF1101858) |
| DARNELL ANTHONY PARKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge.
Affirmed.

Helen Irza, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Darnell Anthony Parker guilty of possession
of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), possession of drug
paraphernalia (Health & Saf. Code, § 11364), and possession of diazepam without a
prescription (Health & Saf. Code, § 11375, subd. (b)(2)).  The trial court thereafter placed

1

defendant on formal probation for a period of 36 months with various terms and conditions.  Defendant appeals.  We find no error and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On August 14, 2011, Palm Springs Police Officer Amanda Graham was on duty when at around 11:58 a.m. she stopped a black 1993 Cadillac being driven by defendant. A female was in the front passenger seat.  As defendant pulled the car over, Officer Graham saw the woman leaning forward and making exaggerated movements with her body.  Officer Graham had initiated the traffic stop, because a man named Gary Canady had filed a police report indicating that the Cadillac had been embezzled by a woman named Marjorie Grinstead.

After Officer Graham arrested defendant for being in possession of a stolen vehicle, Officer Graham searched the vehicle.  Officer Graham found a black, London Fog briefcase on the rear floorboard behind the driver's seat.  Inside the briefcase the officer found a glass pipe, two grams of methamphetamine, and three small pills identified as diazepam.  The briefcase also contained numerous documents with multiple items in defendant's name.  Defendant later admitted to owning the briefcase but denied being the owner of all its contents.  A bill of sale in the name of "Ray Lyons" was also found inside a black backpack in the vehicle.

Officer Graham also searched the passenger and found a methamphetamine pipe inside her clothing between her legs.  The passenger gave the officer a false last name.

Officer Graham did not find any illegal substances or drug paraphernalia on defendant's person. Defendant was not charged with stealing or embezzling the Cadillac.[1]

On August 17, 2011, a felony complaint was filed charging defendant with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); unlawful possession of drug paraphernalia (Health & Saf. Code, § 11364); and possession of diazepam without a prescription (Health & Saf. Code, § 11375, subd. (b)(2)).

On September 7, 2011, defendant made a motion to represent himself. He also made a motion requesting that the public defender's office be appointed to assist him with his defense. The court granted defendant's motion for self-representation but denied defendant's request to have the public defender's office available to assist him as advisory counsel. In denying defendant's request to have the public defender's office assist him as advisory counsel the court explained, "I want to make the record clear . . . I'm in complete agreement with [the public defender] that at this point the public defender's office has no concern with [defendant]. [Defendant] will never get the services of the public defender's office as advisory counsel. It is not done. It will not be done, and we're not going to waste any time on it." Defendant disagreed with the court's ruling, arguing that under the law he was entitled to the assistance of the public defender's office even though he was representing himself. The court responded, "All right. So I'm not going to argue with what you said. I know the law. The public

---

[1] The record indicates that defendant may have purchased the Cadillac from Ray Lyons. Ray Lyons asserted his Fifth Amendment right at trial and was therefore found to be unavailable to testify at trial.

3

defender's office knows the law. You are entitled to represent yourself if you want to, but you are not entitled to the services of the public defender's office under that circumstance, and that being the case, I'm going to excuse the public defender's office."

On November 22, 2011, defendant filed a motion to suppress the evidence pursuant to Penal Code section 1538.5. On December 6, 2011, the People filed a written opposition arguing that Officer Graham properly stopped and detained defendant based on a reasonable suspicion the vehicle was stolen or embezzled; that the vehicle was searched incident to an arrest; and that the officer had probable cause to arrest defendant.

The preliminary hearing was held on December 13, 2011. At that same time, the evidentiary hearing on defendant's suppression motion was also heard. Following the presentation of evidence and argument by the parties, the court denied the suppression motion, finding the officer was investigating a possible embezzlement or theft of the vehicle and therefore had a right to stop the vehicle and investigate. The court also found that the officer had probable cause to arrest defendant and search the vehicle incident to that arrest. The court further found sufficient evidence to hold defendant to answer to the complaint.

On December 23, 2011, an information was filed charging defendant with the same three drug-related offenses as in the complaint.

On March 27, 2012, defendant filed a motion to set aside the information pursuant to Penal Code section 995. The People filed a written opposition on April 9, 2012. On May 16, 2012, the trial court denied defendant's motion to set aside the information.

On June 6, 2012, defendant requested that private counsel Ruben Sanchez be appointed as associate counsel to assist him. The trial court allowed Sanchez to be designated as the "investigating officer" for the defense, but denied defendant's request to allow him to be appointed as an associate counsel. The court clarified that Sanchez cannot participate or be cocounsel, but he can sit with defendant and assist defendant. The court later stated that Sanchez could act as defendant's cocounsel.

A jury trial commenced on June 7, 2012. Defendant's defense was that the methamphetamine, the pipe, and the pills of diazepam did not belong to him and that numerous people had possession of the Cadillac prior to the stop. Defendant read Lyons's testimony from the preliminary hearing wherein Lyons had admitted the methamphetamine belonged to him, but could not describe what the methamphetamine looked like. Lyons also denied leaving a methamphetamine pipe and diazepam in the vehicle. Defendant argued that the items all belonged to Lyons or someone else; he had recently acquired the vehicle; and he had no knowledge of the items in the vehicle.[2]

On June 13, 2012, the jury found defendant guilty as charged. Following the jury's guilty verdict, defendant made an oral motion for a judgment notwithstanding the verdict. The court denied the motion.

---

[2] At the preliminary hearing, Officer Graham testified that defendant was asked to leave the car first and the passenger was left alone with other officers standing by. At trial, however, Officer Graham stated that she had first asked the passenger to exit the vehicle first, and after arresting her, she had asked defendant to get out of the car.

Defendant subsequently filed motions for a new trial. He also filed a motion to reduce the felony convictions to misdemeanors.[3] On January 25, 2013, the trial court denied the motion for new trial. The court thereafter placed defendant on probation for a period of 36 months on various terms and conditions under Proposition 36.

On February 6, 2013, defendant filed a timely notice of appeal, listing numerous potential arguments.

On March 8, 2013, defendant made an oral motion to substitute the ARC Program for Proposition 36. The motion was denied.

II

DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his supplemental brief, defendant argues that (1) he should be entitled to a new trial or dismissal of the charges because the prosecutor committed misconduct by allowing Officer Graham to testify in contradiction to her preliminary hearing testimony and asserting she did not know the female passenger when the prosecutor and the officer

---

[3] This motion was denied on March 8, 2013.

6

knew her identity; (2) his constitutional rights were violated by the trial court's failure to allow advisory counsel to assist him; and (3) the trial court erred in failing to continue the matter to allow an attorney to conduct a direct examination of him. For the reasons explained below, we reject these contentions.

A.       *Prosecutorial Misconduct*

"A criminal defendant may move for a new trial on specified grounds. ([Pen. Code,] § 1181.)" (*People v. Ault* (2004) 33 Cal.4th 1250, 1260 (*Ault*).) Penal Code section 1181 provides that a trial court may grant a new trial only on certain specified grounds, including "when the district attorney or other counsel prosecuting the case has been guilty of prejudicial misconduct during the trial thereof before a jury." (Pen. Code, § 1181, subd. (5).) A trial court has broad discretion in ruling on a motion for new trial and its ruling will be disturbed only for clear abuse of that discretion. (*Ault*, at p. 1260.)

"The standards under which we evaluate prosecutorial misconduct may be summarized as follows. A prosecutor's conduct violates the Fourteenth Amendment to the federal Constitution when it infects the trial with such unfairness as to make the conviction a denial of due process. Conduct by a prosecutor that does not render a criminal trial fundamentally unfair is prosecutorial misconduct under state law only if it involves the use of deceptive or reprehensible methods to attempt to persuade either the trial court or the jury." (*People v. Morales* (2001) 25 Cal.4th 34, 44.)

Here, there is no evidence in the record to indicate the prosecutor committed misconduct. There is no evidence to suggest that Officer Graham committed perjury at trial or that the prosecutor allowed the officer to commit perjury. A defendant is denied a

fair trial when the prosecutor knowingly uses false testimony. However, the defendant must establish by a preponderance of the evidence both that the witness committed perjury and that the prosecutor knew it was perjury. (See *People v. Gordon* (1973) 10 Cal.3d 460, 473-474, disapproved on other grounds in *People v. Ward* (2005) 36 Cal.4th 186, 212.)

At trial, on cross-examination, defendant elicited testimony from Officer Graham that at the preliminary hearing she stated that she asked defendant to exit the vehicle first and at trial she had testified that she asked the passenger to exit the vehicle first. Officer Graham explained that at the time of the preliminary hearing "I was just confused on the questioning. But at this time I do remember that she was the one that I spoke to first, contacted first, searched and arrested first." There is nothing to indicate that Officer Graham committed perjury; her credibility was merely attacked and was an issue for the jury to resolve.

There is also no evidence to show that the district attorney's office and the police department were in cahoots, as defendant appears to argue, because both Officer Graham and the district attorney's office had knowledge of the female passenger's true identity. There is also no evidence to suggest that Officer Graham falsely testified when she indicated she did not know the identity of the female passenger. Defendant was not denied a fair trial here.

Assuming arguendo the prosecutor committed misconduct, any such misconduct was harmless error. Based on the totality of the evidence, it is not reasonably probable a result more favorable to defendant would have occurred absent the purported

8

prosecutorial misconduct. (*People v. Castillo* (2008) 168 Cal.App.4th 364, 386; *People v. Watson* (1956) 46 Cal.2d 818, 836.) Based on our review of the record, the evidence supporting defendant's guilt of the three offenses was strong. Although defendant attempted to assert the illegal items were not his or that he had no knowledge of the items, a briefcase defendant possessed was found with the illegal items. Documents in defendant's name were contained in the briefcase and defendant admitted that the briefcase belonged to him. We conclude it is not reasonably probable defendant would have received a more favorable result had the prosecutor not committed the purported misconduct. Therefore, the assumed prosecutorial misconduct was not prejudicial.

    B.    *Advisory Counsel*

We also reject defendant's claim that his constitutional rights were violated by the trial court's failure to allow advisory counsel to assist him in direct examination. A defendant in a criminal proceeding has a constitutional right to be represented by professional counsel and also a constitutional right of self-representation, but these rights are mutually exclusive. (*People v. Hamilton* (1989) 48 Cal.3d 1142, 1162.) The Supreme Court has "specifically held that cocounsel status, advisory counsel and other forms of 'hybrid' representation are not constitutionally guaranteed." (*People v. Clark* (1992) 3 Cal.4th 41, 111, overruled on other grounds in *People v. Pearson* (2013) 56 Cal.4th 393, 462; see also *People v. Frierson* (1991) 53 Cal.3d 730, 741; *People v. Bloom* (1989) 48 Cal.3d 1194, 1218.) In other words, "'[w]hile the Sixth Amendment guarantees both the right to self-representation and the right to representation by counsel [,] . . . a defendant who elects self-representation "does not have a constitutional

9

right to choreograph special appearances by counsel,"''" including the presence of advisory counsel. (*People v. Blair* (2005) 36 Cal.4th 686, 723.)

"California courts have discretion to appoint advisory counsel to assist an indigent defendant who elects self-representation." (*People v. Crandell* (1988) 46 Cal.3d 833, 861 (*Crandell*), abrogated on other grounds in *People v. Crayton* (2002) 28 Cal.4th 346, 364-365.) Thus, as with other matters left to the trial court's discretion, "'as long as there exists "a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be here set aside . . . .'" [Citations.]" (*Crandell*, at p. 863.) "The factors which a court may consider in exercising its discretion on a motion for advisory counsel include the defendant's demonstrated legal abilities and the reasons for seeking appointment of advisory counsel." (*Ibid.*) "Where the record supports an inference of . . . a manipulative purpose, a court might be justified in denying a request for advisory counsel." (*Ibid.*) Here, the trial court did not abuse its discretion in denying defendant's request for advisory counsel. Defendant demonstrated legal abilities comparable to an attorney. Moreover, at defendant's request, the trial court later allowed private attorney Sanchez to assist defendant as defendant's cocounsel.

C.     *Motion to Continue*

Defendant also argues that the trial court erred in failing to continue the matter to allow attorney Christopher De Salva time to arrive to conduct a direct examination of him. We reject this contention.

The right to a continuance of a trial is limited. A continuance will be granted only upon showing of good cause. (Pen. Code, § 1050, subd. (e).) The granting or denial of a

continuance motion rests within the sound discretion of the trial court. (*People v. Mickey* (1991) 54 Cal.3d 612, 660.) Therefore, the trial court's ruling will be affirmed on appeal absent a showing of an abuse of discretion. (*Ibid.*)

A defendant may seek a continuance to allow time to substitute counsel, as defendant purportedly appeared to do here for the sole purpose of direct examination of himself. (See *People v. Crovedi* (1966) 65 Cal.2d 199, 206 (*Crovedi*); *People v. Courts* (1985) 37 Cal.3d 784, 790 (*Courts*).) However, defendant's right to substitute counsel is not absolute. (See *Crovedi*, at pp. 206-207.) The right to counsel of choice must yield when it would cause an unreasonable disruption in the orderly process of justice. (*Id.* at p. 208.) There is no established test for determining when to deny a continuance to substitute counsel. Rather, "[t]he answer must be found in the circumstances present in every case, particularly the reasons presented to the trial judge at the time the request is denied." (*Id.*, at p. 207.) The court may deny a request for a continuance to substitute counsel if the accused is "unjustifiably dilatory" in obtaining counsel or "if he arbitrarily chooses to substitute counsel at the time of trial." (*Courts*, at pp. 790-791.)

The trial court here did not abuse its discretion. While still desiring to represent himself, defendant wanted to substitute counsel at the close of defense evidence so counsel could directly examine him at trial. The court, however, explained to defendant that he could testify and that the court would allow defendant to testify "from a narrative form . . . ." Defendant responded that he would "prefer to have someone ask" him questions. Defendant thereafter rested his case under protest. The record does not demonstrate defendant was diligent in making plans to substitute counsel or that he had a

11

valid reason to allow substitute counsel merely for the sole purpose of having someone ask him questions. The trial court gave defendant a choice to testify in a narrative form; defendant, however, chose not to do so. Defendant has failed to meet his burden of showing the trial court abused its discretion by denying his motion for a continuance.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.

12